IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 22, 2008 Session

## STATE OF TENNESSEE v. JAMSHID MAGHAMI

**Direct Appeal from the Circuit Court for Cheatham County
Nos. 14995, 14996, 14997     Larry Wallace, Judge**

**No. M2007-01496-CCA-R3-CD - Filed March 3, 2008**

After a bench trial, the Defendant, Jamshid Maghami, was convicted of three counts of unlawfully maintaining an automobile graveyard. The trial court subsequently conducted a sentencing hearing and ordered consecutive terms of thirty days on each count. Five days were ordered to be served in the local jail, with the balance of the sentences to be served on probation. In this direct appeal, the Defendant argues that the evidence is insufficient as a matter of law to support his convictions and that the trial court erred by ordering consecutive sentences. Following a review of the sparse record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Dan. R. Alexander, Nashville, Tennessee, for the appellant, Jamshid Maghami.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On June 6, 2006, a superseding[1] indictment was filed, wherein a Cheatham County grand jury charged the Defendant with three violations of statutes regulating the operation of automobile graveyards or junkyards, Class C misdemeanors. See Tenn. Code Ann. §§ 54-20-202, 205. Following a bench trial, the trial court found the Defendant guilty as charged.

---

[1] It is not apparent from the record before this Court when the original indictment was filed or what charges were contained therein.

Because there was no court reporter at trial, the Defendant has prepared a statement of evidence as contemplated by Rule 24(c) of the Tennessee Rules of Appellate Procedure. The statement of the evidence recites the facts, in relevant part, as follows:

The State first called Harold Gooding of the Tennessee Highway Patrol who testified that he was a member of the Tennessee Highway Patrol. Trooper Gooding testified that he was familiar with the property at 5105 Highway 41, in Cheatham County Tennessee and that the Department of Safety, Tennessee Highway Patrol, had conducted an investigation of the subject property and had reached a conclusion that the property was being used as an automobile graveyard in violation of the law. Trooper Gooding testified that the property was still being used as an automobile graveyard and was at all times relevant to the periods alleged in the superseding indictments, September 6 and 7, 2005 and December 30, 2004. Trooper Gooding further testified that he estimated there were 200 or more junk vehicles on the property and these vehicles were within 200 feet of Highway 41. Trooper Gooding testified that he was told by the Defendant that the Defendant was the managing partner.

The State next called to testify George Bracey. Mr. Bracey testified that he lived near the referenced property on Highway 41 and that he could and did observe junk and salvaged vehicles on the property at 5105 Highway 41 and that the vehicles had been there during the time alleged in the superseding indictments and continued to the date of the trial. Me. [sic] Bracey testified that the junk and salvaged automobiles were within 500 feet of Highway 41. George Bracey testified the property was not an [a]utomobile [g]raveyard until the mid-1970's.

The State next called to testify Buford Blackwell. Mr. Blackwell testified that he familiar [sic] with the property at 5105 Highway 41, that it was being operated as a [sic] automobile graveyard and that he has bought used parts at the location during the periods in question.

The State next called to testify Wanda Krantz Bracey. Mrs. Bracey's testimony was the same as the testimony of George Bracey who testified previously.

The State next called to testify Elvis Perry. Mr. Perry testified that he was familiar with the property and business at 5105 Highway 42 [sic], that it was being operated as a [sic] automobile salvage business and that he had purchased automobile parts at the business during the periods in question.

The State next called Mr. George Dillon who testified that he lives at Rt 2 Joelton, Tennessee on property adjacent to the business and property at 5105 Highway 41 in Cheatham County, Tennessee. Mr. Dillon identified Exhibit #10, area photograph of the subject property and the warranty deed identified as Exhibit No.

15 as well as the complaint to Senator Rosalind Kurita identified as Exhibit No. 16. Mr. Dillion [sic] testified that his property is adjacent to the subject property and that the property has been and continues to be operated as a [sic] automobile salvage business and that salvage vehicles are located on the property, and have been located on the subject property at all times relevant to the superseding indictments, and continues [sic] to be located on the property. Mr. Dillon further testified that there were hundreds of vehicles on the subject property and that he [sic] vehicles were within 500 feet of Highway 41 and had been there during the times alleged in the superseding indictment and remained on the property on the date of the trial. Mr. Dillon testified the property was not an [a]utomobile [g]raveyard until the mid-1970's.

After calling the above witnesses, and after introducing without objection the exhibits, the State rested. The Defendant moved a judgment of acquittal on the grounds that the business was owned and operated by a duly formed corporation and that no proof had been introduced that the Defendant personally owned the business or had control of the business or could be held criminally responsible for the conduct of the corporation. The motion for judgment of acquittal was denied.

The Defendant called R.E. Foster to testify. Mr. Foster testified that the business and salvage yard had been located on the subject property since before 1965 and that he knew that the business was located at the location as a salvage automobile junkyard as far back as December 8, 1960 because he had purchased parts from the business at the location to restore a vehicle in 1960 and 1962 to restore a vehicle he had purchased. Mr. Foster presented Exhibit #19 to show the dates of the activity when he bought parts and was restoring the vehicle.

The Defendant then called to testify the Defendant, Jamshid Maghami. [The Defendant] testified that he was a shareholder owning one-third interest in a corporation known as F.H.M. Auto Recycling Inc. a duly organized Tennessee corporation. [The Defendant] testified that the corporation owned the real property and business at 5105 Highway 41 in Cheatham County, Tennessee and had at all times relevant to the allegations dates in the superseding indictments. [The Defendant] testified that there were two other owners of the shares and rights in F.H.M. Auto Recycling Inc. and that he had one vote of three votes required to take action for and on behalf of the corporation. [The Defendant] testified that the "F.H.M." name stood for the first letter of the name of the three persons who had an interest in the corporation and that the "M" stood for his name, Maghami. [The Defendant] testified that when the property and business was purchased on May 23rd 1997 by F.H.M. Auto Recycling Inc., the business was being operated as a [sic] automobile salvage yard and from his investigation done at the time of the purchase, it was his understanding that the business had been at that location being operated as a [sic] automobile salvage graveyard since 1960. [The Defendant] testified that the

business was still operating and has been operating as a [sic] automobile salvage yard at all times alleged in the superseding indictments and that he works at the business and sells parts. [The Defendant] testified that since the charges had been levied against him he had tried to have the corporation take some action or actions that would bring the property and business within the law but he does not have control of the corporation as it takes two of the three votes and he has only one vote.

On cross-examination [the Defendant] testified he was an officer of the corporation, he worked there and could move cars to beyond five hundred (500) feet from Highway [41]. He also testified on cross-examination that he signed the warranty deed as an affiant stating the value of the property was One Hundred Thousand Dollars ($100,000.00).

At the conclusion of the proof the Defendant again moved the Court for a judgment of acquittal arguing that the proof showed that at all relevant times the business and property was owned by a duly formed Tennessee Corporation; and that the Defendant had only one of three votes in the corporation and could not control the conduct of the corporation or bring the property into compliance without there being two votes within the corporation. The Defendant argued that the Defendant was not criminally responsible for the offense alleged and the proper party was the corporation that owned the property and operated the business. After hearing from the parties, the Court denied the motion for judgment of acquittal.

At the conclusion of the proof and argument from the respective attorneys, the Court found the Defendant guilty on both charges alleged in the indictment.

A sentencing hearing was held on June 11, 2007. There is no transcript of the sentencing hearing contained in the record. The statement of the evidence does not mention what additional proof, if any, was introduced at the sentencing hearing. The trial court imposed consecutive sentences of thirty days for each conviction for unlawfully maintaining an automobile graveyard. The trial court further ordered this effective ninety-day sentence to be suspended and the Defendant placed on probation after he completed service of five days in the county jail.

The Defendant timely appeals.

**ANALYSIS**

On appeal, the Defendant first challenges the sufficiency of the evidence supporting his three convictions for unlawfully maintaining an automobile graveyard. The substance of the Defendant's argument is that he cannot be held criminally responsible for the acts of a corporation. He contends that, because he only owned a one-third interest in the corporation, he "could not control the conduct of the corporation or bring the property into compliance" and, therefore, he was powerless to comply with the law.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

The Defendant stands convicted of three counts of unlawfully maintaining an automobile graveyard in violation of Tennessee Code Annotated sections 54-20-202 and -205. As relevant to this case, section 202 prohibits the establishment of an automobile graveyard within 500 feet of a state highway. See Tenn. Code Ann. § 54-20-202. Section 205 in pertinent part provides that, "[i]n the case of automobile graveyards established prior to March 26, 1965, the owners or operators thereof shall have a reasonable and necessary period of time in which to comply with" section 202. Tenn. Code Ann. § 54-20-205(d). Section 205 further provides that "[e]ach day's subsequent violation constitutes a separate offense." Tenn. Code Ann. § 54-20-205(c). "Automobile graveyard" is defined as "any lot or place which is exposed to the weather and upon which more than five (5) motor vehicles of any kind, incapable of being operated, and which it would not be economically practical to make operative, are placed, located or found . . . ." Tenn. Code Ann. § 54-20-201(a).

The Defendant does not challenge the State's evidence that an automobile graveyard was established within 500 feet of a state highway on the property in question or that such vehicles were not removed within a reasonable period of time following notice. He argues only that he cannot be held criminally responsible for the acts of the corporation of which he is one-third-part owner.

The decisions of this state are directly contrary to this assertion. In State v. Caldwell, 48 S.W.2d 1087 (Tenn. 1932), our supreme court noted that

an officer or agent of a corporation cannot shield himself from criminal responsibility for his own act on the ground that it was done in his official capacity nor assert for defense that criminal acts were not his acts merely because carried out by him through the instrumentality of a corporation . . . .

48 S.W.2d at 1090 (citing State v. Cooley, 206 S. W. 182, 185 (Tenn. 1918)). The court further noted that, when an officer of a corporation "has in some way participated in the illegal act as an aider, abettor, or accessory[,]" then the officer is criminally responsible. Id. at 1091 (citing State v. Ross, 104 P. 596, 604 (Or. 1909)).

Furthermore, the statutes of this state are in accord with these decisions. Tennessee Code Annotated section 39-11-405 provides for individual liability for corporate conduct: "A person is criminally liable for conduct constituting an offense that the person performs or causes to be performed in the name of or on behalf of a corporation to the same extent as if the conduct were performed in the person's own name or behalf." The Sentencing Commission Comments to this section state as follows:

This section makes it clear that a person who commits an offense while acting for a corporation can be personally liable for the offense if he or she would have been liable if acting in his or her own behalf. Thus, the high managerial agent whose actions constitute an offense against the corporation under § 39-11-404 can also be personally responsible for the misdeeds.

Tenn. Code Ann. § 39-11-405, Sentencing Commission Comments.

The evidence, in the light most favorable to the State, established that, following complaints from nearby residents, Trooper Gooding conducted an investigation of the property located at 5105 Highway 41 in Cheatham County, Tennessee, and estimated that "there were 200 or more junk vehicles on the property and these vehicles were within 200 feet of Highway 41." Moreover, Trooper Gooding testified that the Defendant informed him that he was the "managing partner" of the business. The State further offered proof that these violations continued throughout the time period referenced in the superseding indictment and that the automobile graveyard was established on this property in the 1970's. An affidavit reflecting the value of the property and showing the Defendant as responsible for the property taxes was signed by the Defendant on May 23, 1997. The Defendant testified that he was one-third-part owner of F.H.M. Auto Recycling Inc. and that this corporation owned the property in question; he admitted that he was capable of moving the cars to beyond 500 feet from Highway 41.

The Defendant is not shielded from criminal responsibility simply because "there are two other owners of the corporation holding two-thirds of the stock." As an owner, the Defendant was benefitting in the proceeds of the business. See generally State v. Electroplating, Inc., 990 S.W.2d 211, 219-21 (Tenn. Crim. App. 1998) (evidence sufficient to support the defendant-owner's conviction for willfully discharging chromium contaminated waste into the sewer system of the

Metropolitan Government of Nashville and Davidson County in violation of the industrial user permit). After reviewing the statement of the evidence, we conclude that the evidence is sufficient to support the Defendant's convictions for violating the statutes regulating the operation of automobile graveyards.

## II. Consecutive Sentencing

Next, the Defendant contends that this Court should reverse the order of consecutive sentencing because "[t]here is nothing in this record where this trial court placed its reason for arriving at the final sentencing decision or supporting each enhancement factor found."

The statement of the evidence, as it pertains to the sentencing hearing, includes only a one-sentence summary as follows:

> A sentencing hearing was held on June 11, 2007 and sentence imposed of 30 days on each count consecutive for a total of ninety (90) days with probation after serving 5 days.

Here, the Defendant was convicted of three Class C misdemeanors, and each count carries a sentence of not greater than thirty days. See Tenn. Code Ann. § 40-35-111(e). The trial court in this case ordered a sentence of thirty days on each count and ordered that those thirty-day sentences be served consecutively to one another. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated § 40-35-115(b) exists.

No presentence report was prepared, but the statement of the evidence reflects that a separate sentencing hearing was conducted some four months subsequent to the trial. We conclude that the statement of the evidence as provided by the Defendant is insufficient for this Court to conduct an adequate review of the trial court's determination regarding consecutive sentencing. It does not include any information as to what, if any, factors the trial court considered in sentencing the Defendant to consecutive terms. Rule 24(c), Tennessee Rules of Appellate Procedure, states, "The statement [of the evidence] should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." It is the Defendant's obligation to have prepared an adequate record for review. See State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Accordingly, we must find that the Defendant has waived any consideration of this issue on appeal. See generally State v. Jimmy Daniel Prater, No. M2006-00672-CCA-R3-CD, 2007 WL 152427, at *4 (Tenn. Crim. App., Nashville, Jan. 18, 2007) (concluding that, given the absence of a record to the contrary, misdemeanor sentencing determination denying total probation was presumed valid (citing State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998))), perm. to appeal denied, (Tenn. May 29, 2007).

## CONCLUSION

For the reasons cited herein, we conclude that the evidence is sufficient to support the Defendant's three convictions for violating statutes regulating automobile graveyards. We also

conclude that the Defendant's challenge to the consecutive nature of his misdemeanor sentences has been waived due to his failure to provide an adequate record for review. The judgments of the trial court are affirmed.

_____

DAVID H. WELLES, JUDGE